UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMIA TIFFANY GAMET,

      Petitioner,                                Case No. 23-cv-11102

v.

                                            HON. MARK A. GOLDSMITH

JEREMY HOWARD,

      Respondent.
_____/

**OPINION & ORDER**
**(1) DISMISSING THE CASE AS DUPLICATIVE, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner, Michigan prisoner Camia Tiffany Gamet, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that she is being held in violation of her constitutional rights. She challenges her Jackson County Circuit Court conviction for first-degree murder for which she was sentenced in 2014 to life imprisonment without parole.

Petitioner, however, has already filed a federal habeas action that is pending before this Court in which she challenges the same conviction and sentence. Gamet v. Brewer, Case No. 17-cv-14172 (E.D. Mich.). On July 13, 2018, the Court stayed and administratively closed that case so that Petitioner could return to the state courts to exhaust additional remedies. That case was re-opened on March 7, 2023, and Petitioner was instructed to file an amended habeas petition. She did so on May 9, 2023. What appears to be a copy of that amended petition was also filed as a new habeas case—the instant case—with the Court on May 10, 2023.

The instant action must be dismissed as duplicative and/or successive to Petitioner's stayed and recently re-opened habeas case. See, e.g., Flowers v. Trombley, No. 06-cv-10726, 2006 WL 724594, at *1 (E.D. Mich. March 17, 2006); Harrington v. Stegall, No. 02-cv-70573, 2002 WL

373113, at *2 (E.D. Mich. Feb. 28, 2002); see also Davis v. U.S. Parole Comm'n, No. 88-5905, 1989 WL 25837, at *1 (6th Cir. March 7, 1989) (explaining that a district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).  Petitioner cannot challenge the same conviction and sentence in two cases.  Accordingly, the Court dismisses this case without prejudice to the amended petition filed in case number 17-cv-14172.  The Court makes no determination as to the merits of the amended petition.  This case is closed.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-485 (2000).  Reasonable jurists could not debate the correctness of this procedural ruling.  Accordingly, the Court denies a certificate of appealability.

Lastly, the Court denies leave to proceed in forma pauperis on appeal because it concludes that an appeal from this non-prejudicial dismissal cannot be taken in good faith.  See Fed. R. App. P. 24(a).

SO ORDERED.

Dated: August 4, 2023　　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge